IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK12-40585 |
| ROGER ANDERSON & LORI ANDERSON, ) | |
| ) | |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK12-40586 |
| CHARLIE'S NORTH PLATTE ) | |
| PLUMBING, INC., ) | |
| ) | |
| Debtor(s). ) | |
| ROGER ANDERSON & LORI ANDERSON ) | |
| husband and wife, and CHARLIE'S NORTH ) | ADVERSARY NO. A14-4049 |
| PLATTE PLUMBING, INC., a Nebraska ) | |
| corporation, ) | |
| ) | |
| Plaintiffs, ) | CHAPTER 11 |
| ) | |
| vs. ) | |
| ) | |
| CHARLES H. MORLAND & BONNIE K. ) | |
| MORLAND, husband and wife, and ) | |
| MORLAND ENTERPRISES, LLC, a ) | |
| Nebraska limited liability company, ) | |
| ) | |
| Defendants. ) | |

ORDER

   This matter is before the court on the debtors' amended notice of removal of civil action from state court (Fil. No. 4). Timothy P. Brouillette and Galen E. Stehlik represent the debtors, and Tim Thompson represents the defendants.

   The debtors filed the notice to remove a 2010 civil action from the Lincoln County District Court to the United States Bankruptcy Court on the basis of the above-captioned bankruptcy cases filed by the debtors in 2012. The lawsuit concerns the sale of a business.

   The removal is made pursuant to 28 U.S.C. § 1452(a), which provides that a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending when the federal court has jurisdiction over the bankruptcy case.

   According to the state court complaint, Roger and Lori Anderson purchased a business known as Charlie's North Platte Plumbing, Inc., from Charles and Bonnie Morland in 2009 for $2.4

million. The Andersons understood from the Morlands that the Morlands intended to retire. However, the Morlands began operating a new plumbing business called Morland Enterprises, LLC, and contacted customers and employees of Charlie's North Platte Plumbing, Inc., which caused the Andersons to lose business, according to the complaint. The Andersons sued the Morlands on September 20, 2010, alleging tortious interference with business relations and fraudulent misrepresentation, and requesting an injunction and money damages. The Morlands counter-claimed for breach of contract. On November 18, 2010, the court denied the Andersons' motion for a preliminary injunction. The court also converted the Morlands' motion to dismiss to a motion for summary judgment and permitted discovery to begin. The case was scheduled for trial in October 2011, but the parties obtained a continuance because they were attempting mediation and settlement. On March 19, 2012, the Andersons filed the underlying Chapter 11 petitions and the state court litigation was stayed. On June 23, 2014, the Andersons' motion to reinstate the case to the active docket was granted. Thereafter, trial was set for three days beginning on November 4, 2014.

In the meantime, the Andersons have been attempting to get a plan of reorganization confirmed. The third amended Chapter 11 plan, and the Morlands' objection thereto, are currently scheduled for hearing by this court on October 22, 2014. The Andersons also removed the state court case to this court because they believe the issues involved in the litigation are integral to the plan's proposed treatment of the debt owed to the Morlands.

As noted above, 28 U.S.C. § 1452 permits a party to remove any claim or cause of action in a civil action to the district court if the district court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. Section 1334(a) gives the federal district courts "original and exclusive jurisdiction over cases under title 11," which are bankruptcy cases themselves. Section 1334(b) gives federal courts non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Those civil proceedings are further divided into two categories: core proceedings and non-core, related proceedings. Core proceedings are those cases arising under title 11, or arising in a case under title 11, while non-core, related-to proceedings are those which could conceivably have an effect on the estate being administered in bankruptcy.

While the state court lawsuit may serve to establish the relief, if any, to which the Andersons are entitled as a result of the Morlands' alleged actions, the causes of action are not sufficiently inherent to the bankruptcy case that they could be considered core proceedings. At best, the complaint raises issues that are non-core, related-to proceedings. In that regard, § 1334(c)(1) permits a court to abstain from hearing a particular proceeding in favor of the state courts: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether permissive abstention under § 1334(c)(1) is appropriate under the broad statutory guidelines of the interests of justice or comity, and keeping in mind "the premise that

federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule,"[1] courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams*, 256 B.R. at 893-94 and *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

Section 1452(b) also permits equitable remand of a removed action: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The analysis used to determine whether equitable remand under § 1452(b) is appropriate

---

[1] *Williams v. Citifinancial Mortg. Co. (In re Williams)*, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001).

is virtually identical to the permissive abstention analysis, with the consideration of four additional factors:

    (1) whether remand serves principles of judicial economy;

    (2) whether there is prejudice to unremoved parties;

    (3) whether the remand lessens the possibilities of inconsistent results; and

    (4) whether the court where the action originated has greater expertise.

*Farmers Bank & Trust Co. v. Chickasaw Prop., LLC (In re Burrow)*, 505 B.R. 838, 849-50 (Bankr. E.D. Ark. 2013).

    The majority of these factors favor abstention and remand. As noted above, the allegations in the pending complaint were initially commenced in state court and pertain solely to state law causes of action. The case does not involve any bankruptcy law issues and no issues exclusive to bankruptcy. The civil action was on track to be tried in state court when it was removed to this court. The state court is in the best position to determine the various issues raised in the complaint and counter-claim, and the parties' claims can be liquidated in the state court and paid through the bankruptcy plan.

    For these reasons, this court will abstain from hearing the lawsuit and will remand the case to state court.

    IT IS ORDERED: This lawsuit should be remanded to the District Court of Lincoln County, Nebraska. Relief from the automatic stay is hereby granted to the parties to pursue the state court litigation and liquidate the claim. The parties are directed to file a copy of this order with the Lincoln County District Court so that it may proceed with the trial scheduled to begin on November 4, 2014.

    DATED:    October 16, 2014

    BY THE COURT:

    /s/ Thomas L. Saladino
    Chief Judge

Notice given by the Court to:
    *Timothy P. Brouillette
    *Galen E. Stehlik
    Tim Thompson
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.